Case 2:19-cv-00227   Document 6   Filed on 08/13/19 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
August 13, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANK GILBERT FIGUEROA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-227 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

# ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND MEMORANDUM AND RECOMMENDATION TO DISMISS CASE AS SECOND OR SUCCESSIVE

Petitioner, Frank Gilbert Figueroa (#1485880), is an inmate in the Texas Department of Criminal Justice ("TDCJ") and is currently incarcerated at the Boyd Unit in Teague, Texas. Proceeding *pro se*, Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 1, 2019. (D.E. 1). The underlying convictions which are the subject of the petition are 2008 Nueces County convictions for seven counts of aggravated sexual assault of a child and three counts of indecency with a child.

The undersigned finds Petitioner is indigent. Accordingly, Petitioner's application to proceed *in forma pauperis* is **GRANTED**. (D.E. 2). However, for the reasons stated below, the undersigned **RECOMMENDS** preliminary examination of Petitioner's application for a writ of habeas corpus reflects that summary dismissal is appropriate.

Accordingly, Petitioner's Motion to Suspend Number of Copies is **DENIED** as moot. (D.E. 4).

## I. JURISDICTION

Jurisdiction and venue are proper in this Court[1] because Petitioner was convicted in Nueces County, Texas, which is within the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II. BACKGROUND

Petitioner has previously filed an unsuccessful federal habeas petition challenging the same convictions as his present petition. *Figueroa v. Thaler*, No. 2:10-cv-374 (S.D. Tex. 2011). The Motion for Summary Judgment and the Memorandum and Recommendation filed in Petitioner's first habeas case contain detailed recitations of the facts surrounding Petitioner's underlying convictions and the procedural history. *Figueroa v. Thaler*, No. 2:10-cv-374 (S.D. Tex. Apr. 7, 2011) (Memorandum and Recommendation). In short, Petitioner pleaded guilty to sexually assaulting and indecency with his step-granddaughters, then ages 13, 11, and 9.

---

[1] However, for reasons discussed later in this M & R, it is recommended that Petitioner's cause of action be dismissed because this Court does not have jurisdiction over petitions which are second or successive.

Petitioner's first federal habeas petition was denied on the merits. Petitioner asserted his guilty plea was involuntary and his constitutional rights were violated during the plea process because his attorney rendered ineffective assistance of counsel.

### III. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in federal district courts authorizes a habeas corpus petition to be summarily dismissed when it appears the petition is not entitled to relief.[2] The Court of Appeals for the Fifth Circuit recognized a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). From the face of the instant petition and court records, it is apparent this is a second or successive petition. *See* 28 U.S.C. § 2244(b)(2) (requiring dismissal of a second or successive petition filed by a state prisoner pursuant to 28 U.S.C. § 2254).

A claim presented in a second or successive application not presented in a prior application must be dismissed unless: (1) the applicant shows the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or (2) the factual predicate for the claim could not

---

[2]Rule 4 of the Rules Governing Section 2254 Cases provides:

The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. *If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.* If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

have been discovery previously through the exercise of due diligence, and but for the constitutional error, no reasonable fact finder would have found the applicant guilty.  28 U.S.C. § 2244(b)(2).  Further, before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).

Petitioner again raises claims of ineffective assistance of counsel.  (D.E. 1, Pages 8-14).  The Court previously found this claim to be unsupported by any evidence in the record and without merit.  (Case No. 2:10-cv-374, D.E. 33 and D.E. 36).  Petitioner cites to no new evidence that could not have been discovered previously.  Further, Petitioner cites to no new precedent in support of his claim nor, importantly, has he obtained permission to file a successive petition from the Fifth Circuit Court of Appeals.  *See* 28 U.S.C.  § 2244 (b)(3)(A); *Hernandez v. Thaler*, 630 F.3d 420 (5th Cir. 2011) (when a "filing is construed as a second or successive habeas petition, then it must be dismissed); *Leal Garcia v. Quaterman*, 573 F.3d 214, 219 (5th Cir. 2009) ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court.  Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition.")  Petitioner has twice unsuccessfully sought authorization from the Fifth Circuit to file a successive § 2254 application and was last warned on July 22, 2014 that future frivolous or repetitive motions for authorization would result in the imposition of sanctions.  *In re: Frank Figueroa*, No. 14-40553 (5th Cir. July 22, 2014) (Court Order Denying Motion for Authorization and Court Sanction Warning).

This Court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit, or it may transfer the successive petition to the Fifth Circuit for a determination of whether Petitioner should be allowed to file the successive motion in the District Court.  See 28 U.S.C. §2244 (b)(3)(A).  *See also Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers).

Because Petitioner has presented neither argument nor evidence indicating he will be able to make a *prima facie* showing his application satisfies the statute,[3] dismissal without prejudice would be more efficient and would better serve the interests of justice than a transfer to the Fifth Circuit, who has twice denied Petitioner's Motions for Authorization.  Therefore, it is respectfully recommended that this case be **DISMISSED**.

## IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA").  A District Court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a

---

[3] Petitioner will have to demonstrate to the Fifth Circuit that his claim meets the requirements set forth in 28 U.S.C. § 2244(b)(2) as stated above.

constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just rule on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added)

In Petitioner's case, reasonable jurists could not debate the dismissal or denial of the Petitioner's §2254 petition on procedural grounds, nor find that the issues are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327. Accordingly, if the district court orders Petitioner's cause of action be dismissed, and Petitioner seeks a COA in order to proceed with his case, it is further recommended the COA be denied because he has not made the necessary showing for its issuance.

## V. RECOMMENDATION

For the reasons discussed above, it is respectfully recommended this case be **DISMISSED** as second or successive. Should Petitioner seek a COA, it is further recommended that it be **DENIED**.

ORDERED this 13th day of August, 2019.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).