UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANK GILBERT FIGUEROA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-227 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the initial screening of the above-captioned habeas corpus action. On August 13, 2019, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R), recommending that Frank Gilbert Figueroa's action be dismissed without prejudice and that a Certificate of Appealability be denied. D.E. 6. After obtaining an extension of time, petitioner timely filed his objections on September 5, 2019. D.E. 9. For the following reasons, the Court OVERRULES Figueroa's objections and ADOPTS as its own the findings and conclusions of the Magistrate Judge. Accordingly, Figueroa's Petition for a Writ of Habeas Corpus is DISMISSED without prejudice. D.E. 1. In the event he seeks a Certificate of Appealability, that request is DENIED.

## BACKGROUND

In 2008, Petitioner pleaded guilty to seven counts of sexual assault of a child and three counts of indecency with a child in Texas state court. After losing an appeal in state court, he filed a habeas corpus petition in federal court in 2010, asserting that his plea

1 / 9

was involuntary and his attorney rendered ineffective assistance. *Figueroa v. Thaler*, 2:10-cv-374 (S.D. Tex. filed Nov. 18, 2010). The 2010 petition was denied on the merits.[1]

Petitioner filed the instant petition on August 5, 2019. D.E. 1. As in the 2010 action, Figueroa argues ineffective assistance of counsel. In particular, he claims counsel failed to (1) secure a forensic exam of Petitioner's genitals; (2) investigate the "actual culprit," a man known to Petitioner; (3) investigate the initial outcry of Petitioner's victims; (4) investigate a letter written by an "Advocacy Center," indicating that a family member caused the victims to make false allegations; (5) investigate a psychosocial assessment, which, Petitioner claims, shows police "ma[de] a cover-up" of two "culprit witnesses"; (6) discover that the dates described in Petitioner's indictment were "not supported"; and (7) present evidence that Petitioner was incompetent to enter a guilty plea. D.E. 1, p. 6–6(f).

## DISCUSSION

Judge Libby recommends dismissal because (1) the instant petition is successive to the 2010 petition and (2) Petitioner failed to secure leave from the Fifth Circuit to file a successive petition. For these reasons, Judge Libby advises that the Court lacks jurisdiction to entertain the instant petition. Figueroa acknowledges he did not receive permission from the Fifth Circuit to file the instant petition. D.E. 1, p. 8. Nonetheless, he makes fifteen numbered objections to the M&R. D.E. 9. The arguments within those

---

[1] The Court only recounts the most relevant history of Figueroa's various habeas proceedings. The M&R provides a more detailed record. D.E. 6.

objections are sometimes combined with unrelated disputes and are sometimes repeated under separate numbers. The Court has extracted each of the arguments within the objections to be disposed of independently and singularly.

*First*, Petitioner objects that Judge Libby lacked authority to issue the M&R without Petitioner's consent to referral of the matter to a magistrate judge. He further objects to the magistrate judge handling future proceedings in this case and complains that the Clerk of the Court should have handled consent forms differently. Petitioner has confused the requirements for referral for trial and disposition with the requirements for pre-trial management and recommendations. While the parties' consent is required before the magistrate judge is empowered to conduct trial and dispose of a case, that consent is not required for pre-trial management and the issuance of memoranda and recommendations. 28 U.S.C. § 636(b)(1)(B). Under the current referral, this Court maintains jurisdiction to make the final ruling in the case, taking into consideration the magistrate judge's recommendations. The Court OVERRULES Petitioner's first objection.

*Second*, Figueroa invokes rules for liberal construction of pro se pleadings and claims his petition should be dismissed without prejudice so he can plead additional facts, citing *Petty v. McCotter*, 779 F.2d 299 (5th Cir. 1986). The M&R does not fault the petition for insufficient fact allegations. However, as recommended by the M&R, the Court **will** dismiss his petition **without prejudice** because it lacks jurisdiction to review this successive petition. Therefore, the Court OVERRULES Petitioner's second objection as moot.

*Third*, Petitioner objects that the Clerk of the Court failed to return his insufficient petition in violation of the Rules Governing § 2254 Cases, Rule 2(e), thereby denying him an opportunity to correct any deficiencies. Petitioner cites an outdated version of Rule 2, which no longer requires clerks to return insufficient petitions. Moreover, the dismissal of the petition is not based on curable deficiencies, so there would be no reason to return the petition on this basis. The Court OVERRULES the third objection as moot.

*Fourth*, Petitioner argues he did not need the Fifth Circuit's permission to file the instant petition because it is not second or successive to a petition that he filed in state court in July of 2019. This does not address the M&R's reasoning, which is based on the 2010 petition filed in federal court—not any petition filed in state court. The Court OVERRULES Petitioner's fourth objection.

*Fifth*, Petitioner claims his petition is not barred by any statute of limitation. This is clearly irrelevant, as Judge Libby's recommendation was not based on any time bar. The Court OVERRULES Petitioner's fifth objection.

*Sixth*, Petitioner objects because his petition is based—at least in part—on a change in the law at the beginning of 2019. In particular, Petitioner cites the Texas legislature's passage of Senate Bill 1287, which required that all forensic analysts be licensed starting on the first day of 2019. Act of June 20, 2015, 84th Leg., R.S., ch. 1276, § 1, 2015 Tex. Gen. Laws 3517, 4315. According to Petitioner, this legislation triggered the "actual innocence" exception to the rules governing second or successive habeas applications. To benefit from this exception, Petitioner must show (1) he could not have previously discovered the factual predicate for his claim through due diligence and (2)

the facts underlying the claim would establish by clear and convincing evidence that, but for a constitutional error, no reasonable jury would have found him guilty. 28 U.S.C. § 2244(b)(2)(B).

Petitioner fails on both counts. At the outset, Petitioner does not explain the relevance of Senate Bill 1287's licensing requirement, and the Court finds none. Prior law did not prohibit or otherwise impede any attempts to secure a forensic analysis. *See id*. And though Senate Bill 1287 provided for licensing, it did not, as Petitioner claims, provide some previously unavailable procedure for analyzing the forensic evidence he wishes to secure. *See id*. In sum, Petitioner fails to explain how Texas law stopped him from securing forensic analysis through his own exercise of due diligence. Moreover, Petitioner fails to explain how forensic analysis would show his innocence by clear and convincing evidence. He does not, for example, claim that such an analysis would show him incapable of committing his admitted crimes, instead claiming the analysis is needed for "completeness." D.E. 1, p. 6.

The gravamen of Petitioner's habeas action is that his attorney did not properly challenge or develop forensic evidence, rendering ineffective assistance of counsel. While he seeks to invoke actual innocence, his argument is speculative, relying on an alleged defect in his representation. He previously sought such relief and this petition is, therefore, second or successive. The Court OVERRULES Petitioner's sixth objection.

*Seventh*, Petitioner also claims that Judge Libby violated Federal Rules of Evidence 106, 401, and 402, as well as state rules of criminal procedure because the forensic evidence he now wants to develop is admissible as it is relevant and necessary to

provide completeness, given the admission of other forensic evidence. The Court need not, and does not, address the hypothetical admissibility of evidence that was not developed at trial. Such a determination of admissibility is several times removed from the issue in this case—whether the instant petition is second or successive. The Court OVERRULES the seventh objection as irrelevant to the issue before the Court.

*Eighth*, Petitioner argues he was entitled to an evidentiary hearing to develop evidence regarding the "true culprit" of his admitted crimes, pursuant to his due process right to discovery, his right to compulsory process to obtain witnesses, and his purported right to a hearing in state court. He cites the Rules Governing Section 2254 Cases, Rule 8; state rules of criminal procedure; and *Teague v. Scott*, 60 F.3d 1167 (5th Cir. 1995), among other cases. D.E. 9, p. 9.

None of Petitioner's authorities entitle him to an evidentiary hearing at this stage of the proceedings. *See* Rules Governing Section 2254 Cases, Rule 8 (providing for evidentiary hearings if the district court does not dismiss the petition after preliminary review); *Teague v. Scott*, 60 F.3d 1167 (5th Cir. 1995) (ordering an evidentiary hearing after petitioner withstood a motion for summary judgment); *People ex rel. Jennings v. Ragen*, 358 U.S. 276 (1959) (ordering a federal district court to determine whether dismissal was appropriate and, if not, whether an evidentiary hearing was necessary). The Court OVERRULES Petitioner's eighth objection.

*Ninth*, Petitioner expounds on the law that explains the need for review of ineffective assistance of counsel claims on collateral review, rather than direct appeal. D.E. 9, p. 10–13. The record demonstrates that Petitioner has previously been afforded

collateral review. Nothing in his authorities justifies a second collateral review of an ineffective assistance of counsel claim in violation of the limits of federal habeas law. *See* 28 U.S.C. § 2244 (b)(2) (requiring dismissal of second petition absent a change in constitutional law or a newly discovered factual predicate that could not have been discovered through the exercise of due diligence). Petitioner's ninth objection is OVERRULED.

*Tenth*, Petitioner says a possible learning disability and a lack of education have hampered his efforts to proceed as a pro se litigant. Courts must liberally construe habeas corpus petitions by pro se litigants. *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988). But Petitioner does not show any prejudice to his rights related to his learning disability or lack of education, and his petition is not being dismissed on the basis of a formal defect. Petitioner's tenth objection is OVERRULED.

*Eleventh*, Petitioner states that a new ground for relief has ripened since his first habeas petition. In particular, he claims that, in 2015, he discovered for the first time that he is allergic to Glyburide-Metformin—a diabetes treatment he now says rendered him incompetent "on the morning of trial dated 2/1/2008." D.E. 1, p. 6(e). Citing Texas Government Code § 552.028, he claims he has been unable to acquire documentation of this medical history from state officials because Texas law does not require its disclosure.

Petitioner acknowledges, however, that he advised counsel on the day of his plea that he felt "extreme tiredness," "weakness," and "unclear thinking," among other symptoms. D.E. 1, p. 6(e). At the conclusion of the plea proceedings, counsel informed the trial court of Petitioner's condition, which resulted in him being placed in a medical

unit. D.E. 1, p. 6(e). While Petitioner may have newly identified the cause of these symptoms, he has known of them since he entered his plea in 2008.

Accordingly, Petitioner could have raised his competency challenge in his initial habeas petition in 2010. He had, in fact, discovered the factual predicate for his competency claim—the various symptoms he suffered during his plea—on the day he entered his plea. *See* 28 U.S.C. § 2244 (b)(2)(B) (permitting successive petitions if, among other things, "the factual predicate for the claim could not have been discovered"). Petitioner has failed to demonstrate why a more specific identification of the cause of his condition is a new ground for relief. His argument, therefore, does not trigger any exception to the second or successive habeas rule, which bars claims that "could have been raised in an earlier petition." *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009). The Court OVERRULES Petitioner's eleventh objection.

*Twelfth*, Petitioner claims that the Court can exercise jurisdiction over his second petition, citing *Murray v. Carrier*, 477 U.S. 478 (1986), a case concerning the procedural default doctrine. But this doctrine is irrelevant here, as Judge Libby's recommendation was not based on any failure to comply with procedural rules in state court, in the previous federal habeas case, or in this case. The Court OVERRULES Petitioner's twelfth objection.

*Thirteenth*, Petitioner invokes the defense of actual innocence. But he does not brief the requirements for bringing such a claim in a habeas proceeding: (1) "the factual predicate for the claim could not have been discovered previously through the exercise of

due diligence" and (2) "the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 224(b)(2)(B). Petitioner's thirteenth objection is OVERRULED.

## CERTIFICATE OF APPEALABILITY

Petitioner does not challenge Judge Libby's recommendation that the Court deny a Certificate of Appealability (COA). The Court agrees denial is appropriate. It, therefore, denies Petitioner a COA pursuant to its authority to do so sua sponte. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Frank Gilbert Figueroa's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court OVERRULES Frank Gilbert Figueroa's objections and ADOPTS as its own the findings and conclusions of the Magistrate Judge. Accordingly, Figueroa's Petition for a Writ of Habeas Corpus is DISMISSED without prejudice. D.E. 1. In the event he seeks a Certificate of Appealability, that request is DENIED.

ORDERED this 17th day of January, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE